UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DAVID PEACOCK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>EASYVET HOLDINGS, INC., a Delaware corporation, and DREW BARTHOLOMEW, an individual,<br><br>Defendants. | ) | No. 3:25-cv-613-CEA-JEM |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Unopposed Motion to Withdraw as Counsel for Plaintiff David Peacock [Doc. 42], filed by Plaintiff's counsel, Robert M. Einhorn, Alec R. Shelowitz, and Taylor N. Duncker, and the law firm of Zarco Einhorn Salkowski, P.A., and Brandon L. Morrow, and the law firm of Kramer Rayson LLP (collectively "Counsel"). They seek to withdraw from representing Plaintiff due to irreconcilable differences that have been ongoing since May 2026 [Doc. 42 p. 1]. Movants "certify that the requirements of [Local Rule 83.4] have been met" [*Id.*]. They state they while they have made a "repeated good-faith efforts over the last several months, the parties remain at an impasse, and continued representation is not feasible" [*Id.* ¶ 2]. They also state that due to the trial being scheduled for August 31, 2027, withdrawal will not result in a delay [*Id.* ¶ 3].

Pursuant to Local Rule 83.4, in order to withdraw from a case, an attorney must do the following:

> (1) File a motion with the Court requesting permission to withdraw as counsel of record;
>
> (2) Include in the motion the current mailing address and telephone number of the client;
>
> (3) Unless the motion is signed by both the attorney and the client or a consent to the withdrawal signed by the client is attached to the motion, provide a copy of the motion to the client at least 14 days prior to the date the motion is filed;
>
> (4) If a hearing date on the motion is set, certify in writing to the Court that the client was served at least 7 days before the hearing with notice (i) of the date, time, and place of hearing and (ii) that the client as a right to appear and be heard on the motion; and
>
> (5) Certify to the Court that the above requirements have been met.

The Court finds that Counsel has met all five requirements. Counsel has filed a motion with the Court [*Id.* at 1]; included Plaintiff's mailing address and phone number [*Id.* ¶ 4]; provided a copy of the motion to Plaintiff fourteen days prior to filing the motion [*Id.* ¶ 5]; stated that they will notify Plaintiff should a hearing be set [*id.* ¶ 6]; and certified that they have met all requirements [*Id.* ¶ 7]. Thus, Counsel is **RELIEVED** of their duties as counsel in this case.

Until he obtains new counsel, the Court **ADMONISHES** Plaintiff as it is his obligation to stay up to date on the status of this case and comply with the deadlines set by the Court. Likewise, if he elects to proceed in this case without an attorney, he is responsible for complying with all deadlines set by the Court and responding to any requests for relief by other parties. *See* E.D. Tenn. L.R. 7.1. Plaintiff, like any other party, will be expected to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders.

The Court therefore **GRANTS** the motion [**Doc. 42**]. The Court **DIRECTS** the Clerk's Office to mail a copy of this Memorandum and Order to Plaintiff at his address provided in the

motion and to update ECF accordingly. Should Plaintiff obtain new counsel, counsel should promptly file a notice of appearance.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge